IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMY WELCH | § |
| | § |
| **Plaintiff,** | § |
| | § |
| VS. | § Case No. 4:10cv365 |
| | § |
| KENNETH DALE JANNERETH, LYNN DALE STUCKY, LORI ANN STUCKY, ANIMAL HOSPITAL ON MILAM ROAD, P.C., D.V.M. and ANIMAL HOSPITAL ON MILAM ROAD EAST, L.P., D.V.M. | § § § § § § |
| | § |
| **Defendants.** | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Defendant Kenneth Dale Jannereth (hereinafter "Jannereth") filed a Motion for Summary Judgement (Dkt. 24). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

The genesis of this action lies in an attempt to collect a $400.00 bill for pet emergency services. Plaintiff was not happy with the services and disputed the bill. According to Plaintiff's Complaint, the animal hospital and veterinarians Defendants had Jannereth contact her about the unpaid bill. According to Plaintiff, she felt that Jannereth abused his power of office in attempting to collect the debt and engaged in conduct which bullied and harassed her. Jannereth denies doing anything improper and maintains that his contact was only to try and work things out before a suit was filed. Plaintiff sued Jannereth under 42 U.S.C. § 1983 and all defendants for violations of the

Fair Debt Collections Act, the Texas Debt Collection Act and Texas Penal Code § 39.02 and § 39.03.

In his motion, Jannereth raises the defenses of qualified immunity and official immunity to all of Plaintiff's claims. Jannereth does not address the state and federal debt collection claims, except to state that his recorded conversation demonstrates there can be no liability to Plaintiff at all.

Plaintiff takes the position that Jannereth is sued in his individual capacity and not official capacity and therefore the Court need not consider the qualified immunity defenses. These defenses are regularly raised in cases against government officials, who are sued individually, and in most cases are a complete shield against personal liability. *See Colvin v. McDougall*, 62 F.3d 1316, 1318-19 (11th Cir. 1995). Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Serv.'s of City of New York,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citation omitted).

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-movant must go beyond the pleadings and come forward with

specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006). "If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *See, e.g., Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 174 (5th Cir. 2000).

"Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ....'" *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 924, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (quoting Section 1983). The statutory requirement of action 'under color of state law' in a Section 1983 action brought against a state official and the 'state action' requirement of the Fourteenth Amendment are identical. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

The Court need not address Jannereth's qualified immunity defense since Plaintiff has not sufficiently pled that the acts of Jannereth deprived her of her rights, privileges and immunities afforded a citizen. Even if the Court could glean some procedural due process claim abridged by Jannereth, Texas appears to provide a post-deprivation remedy: a claim for tortuous interference with contract which would provide Plaintiff with a chance to seek compensation for any deprivation. *McClure v. Biesenbach*, 355 Fed. Appx. 800 (5th Cir. 2009). It is axiomatic that a plaintiff cannot succeed in a Section 1983 claim if she fails to demonstrate a causal connection between the state

3

official's allegedly wrongful action and her deprivation of life, liberty, or property. *Reimer v. Smith*, 663 F.2d 1316, 1322 n.4 (5th Cir. 1981). According to the evidence before the Court, a jury returned a verdict against Plaintiff on the unpaid bill. No action of Jannereth resulted in the loss of Plaintiff's property. The Court finds that, based on the record before it, Defendant Kenneth Dale Jannereth is entitled to summary judgment on Plaintiff's Section 1983 claim.

## **Federal Debt Collection Act**

The next question is whether Jannereth is a debt collector under the Federal or State acts. Under 15 U.S.C. § 1692a(6), a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692. The statute contains two categories of debt collectors, those who collect debts as their "principal purpose," and those who do so "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed.Appx. 35 (5th Cir. 2008). Under the Texas statute, a debt collector is a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts. TEX. FIN. CODE ANN. § 392.001(6). A third-party debt collector means a debt collector, as defined by 15 U.S.C. § 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has non-attorney employees who: (A) are regularly engaged to solicit debts for collection; or (B) regularly make contact with debtors for the purpose of collection or adjustment of debts. TEX. FIN. CODE ANN. § 392.001(7).

4

Although Jannereth's motion addresses the immunity defenses, it only obliquely raises the issue that he is not liable under the Federal Act. However, the Court determines that under no stretch of the imagination could Jannereth be a debt collector under the Federal Act. The summary judgment evidence contains insufficient evidence to show he collects debts regularly or as his principal purpose. Thus, summary judgment should be granted for Defendant on this claim.

This leaves for resolution the state law claims. The definition of "third-party debt collector" in the Texas Finance Code tracks the definition of "debt collector" in the Fair Debt Collection Practices Act. *See* TEX. FIN. CODE ANN. § 392.001(7) ("'Third-party debt collector' means a debt collector, as defined by 15 U.S.C. § 1692a(6)"). The Fair Debt Collection Practices Act provides that the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *See* 15 U.S.C. § 1692a(6). Thus, for the reasons discussed above, Jannereth cannot be considered a third-party debt collector based on the federal definition.

However, the Texas Act is more expansive than the federal and provides that a debt collector can include a person who directly or indirectly engages in debt collection. TEX. FIN. CODE ANN § 392.001(6). The Act also defines debt collection as conduct in collecting or in soliciting for collection consumer debts. Having reviewed the summary judgment record, the Court finds that there is sufficient evidence to create a fact issue regarding whether Jannereth's conduct falls within the definition of the Texas statute. *See Monroe v. Frank*, 936 S.W.2d 654 (Tex.Civ.App. - Dallas, 1996, writ dism'd w.o.j.).

As to the state claims, the only remaining question is whether Jannereth may rely on the official immunity doctrine as a defense. Official immunity protects public officials from suit arising from performance of their: (1) discretionary duties (2) in good faith (3) within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994) (citing *Wyse v. Dep't of Pub. Safety,* 733 S.W.2d 224, 227 (Tex.App. - Waco 1986, writ ref'd n.r.e.); *Baker v. Story,* 621 S.W.2d 639, 644 (Tex.Civ.App. - San Antonio 1981, writ ref'd n.r.e.)). Texas courts have long recognized official immunity, in substance if not by name, for a variety of public officials. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 423 (Tex. 2004).

Public officials act within the scope of their authority if they are discharging the duties generally assigned to them. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Good faith is substantially similar to that under Section 1983 cases. The test is whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. Thus, under the doctrine of official immunity, all but the plainly incompetent or knowing violators of the law are protected. *See Swint v. City of Wadley*, 5 F.3d 1435, 1441-42 (11th Cir. 1993) (citations omitted).

In this case, Plaintiff has attached a number of statutes which indicate that Jannereth's official duties do not include attempting to collect a debt. Plaintiff has also submitted an affidavit of Constable Raburn from Precinct 3 of Denton County, Texas. Although Jannereth takes issue with a number of statements by Raburn, the affidavit creates a fact issue whether Jannereth was within the scope of his authority in placing the call regarding the debt and thus whether he would be entitled to immunity. Therefore, the state claims remain for resolution and the motion for summary judgment as to those claims should be denied.

# RECOMMENDATION

Based upon the foregoing, the Court RECOMMENDS that Defendant Jannereth's Motion for Summary Judgement ( Dkt. 24) be GRANTED as to all federal claims and DENIED as to the state claims and that the Court retain its supplemental jurisdiction over the state claims as to Defendant Kenneth Dale Jannereth. *See* 28 U.S.C. § 1367.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 267-77 (5th Cir. 1988).

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE